# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN STANLEY | : | |
| | : | PRISONER |
| v. | : | No. 3:16-cv-1759 (SRU) |
| | : | |
| STATE OF CONNECTICUT | : | |

### ORDER OF TRANSFER

Kevin Stanley challenges his 1990 state conviction for murder in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  He asserts one claim, ineffective assistance of all prior habeas counsel.  For the reasons that follow, the case is transferred to the United States Court of Appeals for the Second Circuit.

## I.  Background[1]

In 1990, Stanley was convicted of murder and sentenced to a term of imprisonment of sixty years.  His conviction was affirmed on direct appeal.  *State v. Stanley*, 223 Conn. 674 (1992).  In 1994, Stanley filed a federal habeas petition. *Stanley v. Meachum*, No. 3:94-cv-866 (PCD).  On July 8, 1996, the court approved and adopted the magistrate judge's recommended ruling denying the petition.

In 1994, Stanley filed a petition for writ of habeas corpus in state court on the ground that he was afforded ineffective assistance of trial counsel. The state court denied the petition, *Stanley v. Commissioner of Correction*, 1999 WL 1207156 (Conn. Super. Ct. Nov. 30, 1999), and the state appellate courts affirmed the denial.  *Stanley v. Commissioner of Correction*, 67 Conn. App.

---

[1] Some of the background information is taken from the order transferring a prior federal habeas petition to the Court of Appeals in *Stanley v. Armstrong*, No. 3:03-cv-333 (JCH) (D. Conn. Oct. 23, 2003).

357 (2001), *cert. denied*, 259 Conn. 922 (2002).   Stanley's petition for certiorari to the United States Supreme Court also was denied.  *Stanley v. Armstrong*, 527 U.S. 838 (2002).

On February 26, 2003, Stanley filed a second federal habeas action.  The court transferred the case to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 2244(b)(3(A).

In 2004, Stanley filed a second state habeas action on the ground that trial counsel was ineffective.  The state court dismissed the petition because count two of the petition presented a claim that was included in a prior habeas petition and previously denied.  In the alternative, the state court denied the petition on the ground of procedural default.  *Stanley v. Warden, State Prison*, 2007 WL 4216254 (Conn. Super. Ct. Nov. 5, 2007).

In 2008, Stanley filed a third state habeas action on the ground that appellate counsel and habeas counsel were ineffective.  *Stanley v. Warden, State Prison*, No. TSR-CV08-4002493-S. The state court docket indicates that the petition was denied by the state court and Stanley withdrew his appeal.  *See* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV084002493S (last visited Oct. 26, 2016).

In 2012, Stanley filed a fourth state habeas petition challenging the effectiveness of all prior habeas counsel.  The state court denied the petition after a trial on the merits.  *Stanley v. Warden, State Prison*, 2014 WL 7793408 (Conn. Super. Ct. Dec. 23, 2014).  The judgment was affirmed on appeal.  *Stanley v. Commissioner of Correction*, 164 Conn. App. 244, *cert. denied*, 321 Conn. 913 (2016).

On October 24, 2016, Stanley commenced this action challenging his conviction on the

ground of ineffective assistance of all prior habeas counsel.

## II.   <u>Discussion</u>

Title 28, section 2244 provides, in relevant part, that a petitioner must seek permission from the Court of Appeals before filing a second or successive habeas petition in district court. 28 U.S.C. § 2244(b)(3)(A).  Such requirement applies even when, as here, the first federal habeas petition was filed before the statute was amended.  *Mancuso v. Herbert*, 166 F.3d 97, 101 (2d Cir. 1999).  Section 2244 also provides that a claim presented in a second or successive petition that was not included in a prior petition must be dismissed unless certain conditions are met.  28 U.S.C. § 2244(b)(2).  The amendments to section 2244 have transferred to the courts of appeal the screening function formerly performed by the district courts.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  The authorization requirement in section 2244 is jurisdictional.  *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2009).

Stanley already has had a federal habeas petition decided on the merits.  Thus, a third federal petition cannot be filed unless Stanley obtains permission from the Second Circuit.  He does not provide any evidence that he filed a motion with the Second Circuit to obtain authorization for me to consider this petition.  In such circumstances, the Second Circuit requires the district court to "transfer the petition … to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631."  *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (setting forth procedures to be followed when the district court receives a second or successive petition).

## III.   <u>Conclusion</u>

In accordance with the requirements of 28 U.S.C. § 2244(b)(3)(A) and in the interest of justice pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer the case to the United States

Court of Appeals for the Second Circuit to enable that court to determine whether the claims

raised in this petition should be considered by the district court.

**SO ORDERED** this 28th day of October 2016, at Bridgeport, Connecticut.


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge